Mark D. SHAFFER, an individual,
Plaintiff,

v.

SOUTH STATE MACHINERY, INC., a corporation, Devlieg–Bullard, Inc., a corporation, and MMW Liquidation Co, a corporation, Defendants.

No. CIV. A. 97–948.

United States District Court,
W.D. Pennsylvania.

Jan. 21, 1998.

Jeffrey M. Gordon, Reynoldsville, PA, Nicholas F. Lorenzo, Jr., Lorenzo & Kulakowski, Punxsutawney, PA, for Mark D. Shaffer.

James B. Lees, Jr., Hunt, Lees, Farrell & Kessler, Charleston, WV, for South State Machinery, Inc.

Suzanne M. O'Brien, Sweeney & Sheehan, Philadelphia, PA, for Devlieg–Bullard, Inc.

## OPINION and ORDER OF COURT

AMBROSE, District Judge.

Plaintiff, Mark D. Shaffer ("Shaffer"), commenced this tort action against several defendants, seeking recovery for injuries sustained as a result of an allegedly defective ripsaw.[1] As against Defendant Devlieg–Bullard, Inc. ("DBI"), Shaffer proceeds on a theory of strict liability.

Pending is DBI's Motion to Dismiss (Docket No. 12). DBI contends, in part, that the possibility of a remedy in bankruptcy proceedings involving the manufacturer of the ripsaw precludes the imposition of liability. Shaffer disputes DBI's assertions.

After careful consideration, and for the reasons set forth below, the Motion is granted.

### STANDARD OF REVIEW

In deciding a motion to dismiss, all factual allegations and all reasonable inferences therefrom must be accepted as true and viewed in the light most favorable to the Plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). I may dismiss a complaint only if it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn*, 838 F.2d at 666.

### ANALYSIS

DBI did not manufacture the ripsaw involved in Shaffer's accident. Rather, DBI acquired the assets of MMW Liquidation Company, the predecessor to the original manufacturer of the ripsaw, through an auction held by the United States Bankruptcy Court of the Northern District of Illinois. "In general, when one corporation sells or transfers its assets to a second corporation, the successor does not become liable for the debts and liabilities of the predecessor." *LaFountain v. Webb Industries Corp.*, 951 F.2d 544, 546 (3d Cir.1991). Thus, ordinarily, DBI would be immune from liability for injuries caused by MMW's allegedly defective ripsaw.

There exist, however, several well-established exceptions to this general rule of nonliability. For instance, the Pennsylvania Superior Court has adopted the "product line" exception. *See Dawejko v. Jorgensen Steel Co.*, 290 Pa.Super. 15, 18–19, 434 A.2d 106, 107–08 (1981).[2] "The 'product line' exception provides that when a corporation buys substantially all of the assets of a corporate manufacturer and thereafter continues essentially the same manufacturing operation it may be strictly liable for defects in products in the same line even though they were in fact made by the predecessor." *LaFountain v. Webb Industries Corp.*, 951 F.2d 544, 547 (3d Cir.1991).

While the Complaint is devoid of any mention of the product line exception, both Shaffer's Response to Motion for Summary Judgment, and his Brief in Opposition, make it clear that he intends to invoke the product line exception as a means for imposing liability upon DBI. *See* Docket No. 15, ¶ 5 (stating that "DBI is subject to liability to the plaintiff under the product line exception to the general rule of successor non-liability"); and Docket No. 16, p. 5 (stating that "Plaintiff would respectfully submit that the 'product line exception' may be satisfied by DBI's own admission...."). Consequently, I need only consider DBI's challenges to the applicability of this exception, in disposing of the pending motion.

I agree with DBI, however, that the product line exception to nonliability is not available where a potential remedy exists

---

1. Jurisdiction is predicated upon diversity of citizenship and an amount in controversy in excess of $50,000.

2. The other exceptions apply where: "(1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is fraudulently entered into to escape liability." *Conway v. White Trucks*, 885 F.2d 90, 93 (3d Cir.1989) (citations omitted).

against the original manufacturer. Thus, lack of a remedy against the manufacturer is a prerequisite to a successful invocation of the product line exception. *See LaFountain,* 951 F.2d at 545 (stating that "[t]he availability of a remedy against the original manufacturer makes the [product line] exception inapplicable.") As articulated by the Third Circuit court:

> as a logical matter, the loss of a remedy against the original manufacturer must be a prerequisite to the invocation of the product line exception. . . . That is because the rationale of the product line exception is that the virtual destruction of the plaintiff's remedies against the original manufacturer was caused by the successor's acquisition.

*Conway v. White Trucks,* 885 F.2d 90, 97 (3d Cir.1989) (citations, quotation marks and brackets omitted). Thus, in *Conway,* the Third Circuit court affirmed the district court's determination that a potential remedy existed, where the claimant was permitted to file a proof of claim in the manufacturer's bankruptcy court proceedings. *Conway,* 885 F.2d at 96. The fact that the plaintiff allegedly received no notice of the right to file proof of claims, and thus failed to timely file one, did not change the court's conclusion. *Id.*

 Shaffer has a potential remedy against the original manufacturer. Although the manufacturer has initiated bankruptcy proceedings, the United States Bankruptcy Court for the Northern District of Illinois has set aside a fund for claimants, and established a deadline for filing proofs of claims. *See* Exhibit F, attached to Docket No. 12.[3] Indeed, Shaffer has filed a proof of claim. *See* Letter dated October 31, 1997.

The fact that Shaffer may ultimately not recover from the fund does not alter my conclusion that a possible remedy exists. Shaffer urges that:

[a]t this point, while apparently a fund has been established for interim product liability claimants, a class in which plaintiff is apparently a member, plaintiff does not possess knowledge as to the exact amount of any such fund, nor as to the number of additional claimants who would be seeking distribution from this fund. Succinctly put, plaintiff may in effect receive essentially a "paper judgment" from the bankruptcy estate . . . .

Docket No. 16, p. 6.[4] Significantly, however, Shaffer has not identified any case law suggesting that a claimant must have an actual or realized remedy against the manufacturer.

The Third Circuit court's statements that only a potential or possible remedy need exist, belies any such assertion. *See La-Fountain,* 951 F.2d at 546 (stating that "the existence of a *potential* remedy against the actual manufacturer destroys the basis for invoking the product line exception.") (emphasis added). Indeed, here Shaffer has a greater possibility of an actual remedy, given that he did timely file a proof of claim, than did the claimant in *Conway,* who never filed a proof of claim. The Third Circuit court's conclusion in *Conway* that a potential remedy nevertheless existed, compels a conclusion here that a potential remedy exists.

---

**3.** Because the documents pertaining to the Chapter 11 filing are matters of public record, I may consider them in disposing of the pending motion.

**4.** I am cognizant of Shaffer's request that I delay addressing the pending motion until the bankruptcy court disposes of his proof of claim. In an effort to accommodate Shaffer's requests, I have postponed addressing the pending motion

for several months. While Shaffer initially represented that he would decide, by October 1997, whether or not to withdraw his claim against DBI, and proceed solely in the bankruptcy proceedings, thus rendering the pending motion moot, three months have passed since October, and Shaffer has requested another delay. Internal docketing concerns, as well as concern for DBI's position, however, require that I promptly dispose of this motion.